Hugo PRINCZ, Appellee,

v.

**FEDERAL REPUBLIC OF GERMANY, Appellant.**

Nos. 92–7247, 93–7006.

United States Court of Appeals, District of Columbia Circuit.

April 14, 1993.

Before: WALD and RUTH BADER GINSBURG, Circuit Judges.

PER CURIAM.

Upon consideration of the appellee's motion to dismiss, the opposition thereto, appellee's motion to .exceed page limitations and the reply to the opposition to the motion to dismiss; appellant's emergency motion for stay, the opposition thereto and appellee's cross-motion for summary affirmance, and the reply; it is

**ORDERED** that the appellee's unopposed motion to exceed page limitations be granted. The Clerk is directed to file the lodged document. It is

■ **FURTHER ORDERED** that appellee's motion to dismiss be denied. A district court's denial of a foreign state's motion to dismiss on grounds of sovereign immunity is immediately appealable. *See Foremost–McKesson v. Islamic Republic of Iran*, 905 F.2d 438, 443 (D.C.Cir.1990). It is

■ **FURTHER ORDERED** that appellant's emergency motion for stay of all proceedings in the district court be denied as unnecessary. Because an appeal properly pursued from the district court's order divests the district court of control over those aspects of the case on appeal, *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (*per curiam*) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir.1989) (appeal from denial of claims of qualified immunity divested district court of jurisdiction), exclusive jurisdiction to resolve the threshold issue this case presents vests in this court, and the district court may not proceed to trial until the appeal is resolved. It is

**FURTHER ORDERED** that appellee's cross-motion for summary affirmance be denied. The merits of the parties' positions are not so clear as to warrant summary action. *See Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C.Cir.1987) (*per curiam*); *Walker v. Washington*, 627 F.2d 541,

545 (D.C.Cir.) (*per curiam*), *cert. denied,* 449 U.S. 994, 101 S.Ct. 532, 66 L.Ed.2d 292 (1980).