**Jorge VILA, Plaintiff,**

v.

**INTER–AMERICAN INVESTMENT, CORPORATION, Defendant.**

**Civil Action No. 06–2143 (RBW).**

United States District Court, District of Columbia.

Jan. 26, 2009.

F. Douglas Hartnett, Elitok & Hartnett, At–Law, LLC, Washington, DC, for Plaintiff.

Nancy L. Perkins, Arnold & Porter, Washington, DC, for Defendant.

## MEMORANDUM OPINION

REGGIE B. WALTON, District Judge.

On February 22, 2008, this Court issued a Memorandum Opinion and Order (the "Order") dismissing all of the plaintiff's claims except for his claim of unjust enrichment. *See Vila v. Inter–American Inv. Corp.*, 536 F.Supp.2d 41 (D.D.C.2008). Contending that there is a substantial basis to dispute this Court's rejection of its statute of limitations defense in support of the dismissal of the plaintiff's unjust enrichment claim and that the resolution of that issue would materially advance the completion of this litigation, the defendant now asks the Court to certify the Order for an immediate appeal pursuant to 28 U.S.C. § 1292(b) (2006). Defendant's Motion for Certification ("Def.'s Mot."). The plaintiff opposes the motion, Plaintiff's Opposition to Defendant's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) ("Pl.'s Opp'n"), and the defendant has filed a reply, Defendant's Reply to Plaintiff's Opposition to Motion for Certification Pursuant to 28 U.S.C. 1292(b) ("Reply").

After careful consideration of the filings submitted by the parties, the Court concludes that although the Order from which the defendant seeks to appeal involves a controlling question of law and an immediate appeal may materially advance the ultimate resolution of this litigation, there is no substantial ground for a difference of opinion as to the controlling question of law. The Court will therefore deny the defendant's motion for certification of the Order to permit an immediate appeal.

### I. Background

The plaintiff, Jorge Vila, initiated this action against the defendant, Inter–American Investment Corporation ("IIC"), an

international organization that "enjoy[s] ... immunity from suit and every form of judicial process" under the International Organizations Immunities Act ("Immunities Act"), 22 U.S.C. § 288a(b) (2006). The plaintiff alleged that the defendant failed to compensate him for services performed between January and August, 2003, Compl. ¶ 4, and has filed this action asserting four causes of action, including a claim for unjust enrichment. *Id.* ¶ 1.

The defendant moved to dismiss all four claims based on its immunity provided by the Immunities Act, and also asserted a statute of limitations bar to the unjust enrichment claim. In partially denying the defendant's motion to dismiss, the Court first determined that the defendant had waived its statutory immunity as to the plaintiff's unjust enrichment claim, and that the unjust enrichment claim was timely filed because the applicable three-year limitations period did not begin to run until November 4, 2003, when the defendant unequivocally refused to compensate the plaintiff for his services. Order, 536 F.Supp.2d at 48, 50–52. The defendant then filed its notice of appeal of the Order on March 21, 2008, Docket ("Dkt.") # 15 (Notice of Appeal), and on April 28, 2008, filed its motion seeking certification of the Order for an interlocutory appeal to challenge this Court's rejection of its statute of limitations defense.

## II. Legal Analysis

■ A district court may in its discretion certify an order for interlocutory appeal when: (1) the order involves a controlling question of law, (2) as to which a substantial ground for difference of opinion concerning the ruling exists, and (3) an immediate appeal would materially advance the disposition of the litigation. *See* 28 U.S.C. § 1292(b); *see also APCC Servs., Inc. v. Sprint Commc'ns Co.*, 297 F.Supp.2d 90, 95 (D.D.C.2003) (citing

*Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1002 n. 2 (D.C.Cir.1986)) (additional citation omitted). The party seeking interlocutory review has the burden of establishing all three elements to merit "departure from the basic policy of postponing appellate review until after the entry of a final judgment." *APCC Servs.*, 297 F.Supp.2d at 95 (citation and internal quotations omitted).

### A.

There is no dispute that a statute of limitations challenge raises a controlling question of law in the sense that a ruling on the challenge "would terminate an action if the district court's order were reversed." *APCC Servs.*, 297 F.Supp.2d at 96; *see* Pl.'s Opp'n at 1. Therefore the two remaining conditions of § 1292(b) certification must also be addressed.

### B.

■ The plaintiff disputes the defendant's position that there will be any material advancement of the resolution of this litigation through certification, Pl.'s Opp'n at 1, but fails to provide any argument supporting this view. The defendant, on the other hand, opines that efficiency and judicial economy will be advanced by certifying the statute of limitations issue for an interlocutory appeal. Def.'s Mot. at 13. Undoubtedly, the salutary objective of "avoid[ing] piecemeal review" would be aided by allowing an immediate appeal of this Court's statute of limitations ruling, as the Court's rulings on the defendant's immunity defense is currently before the District of Columbia Circuit. *See Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F.Supp.2d 16, 20 (D.D.C.2002) (noting high § 1292(b) standard necessary to overcome "strong congressional policy against piecemeal review" (quoting *U.S. v. Nixon*, 418 U.S. 683, 690, 94 S.Ct. 3090, 41

L.Ed.2d 1039 (1974))). Moreover, there would be no danger of "obstructing or impeding this judicial proceeding," *id.* (citation and internal quotations omitted), by granting certification as the defendant's appeal on immunity grounds divests this Court of jurisdiction over the plaintiff's unjust enrichment claim resulting from the defendant's appeal of the Court's ruling on the immunity defense to this claim. *See Princz v. Fed. Republic of Germany*, 998 F.2d 1 (D.C.Cir.1993) (per curiam).

More importantly, allowing the defendant to make an immediate appeal could assist in the resolution of this case. *See Rendall–Speranza v. Nassim*, 107 F.3d 913, 916 (D.C.Cir.1997) (exercising pendant jurisdiction because "if the appellants have a valid defense in the statute of limitations, then the court can both economize on judicial resources and avoid resolving their claims of immunity"). Unlike cases where the posture of a case post-appeal would be nearly identical regardless of the outcome, *see, e.g., U.S. ex rel. Pogue v. Diabetes Treatment Centers of America*, 576 F.Supp.2d 128, 133 (D.D.C.2008) (denying certification where trial still necessary regardless of the outcome on appeal); *U.S. v. 803 Capitol St.*, No. 06–1710(GK), 2007 WL 1232188, at *1 (D.D.C. Apr. 26, 2007) (denying certification where reversal of stay order would merely restart discovery), here, if *News World Commc'ns, Inc. v. Thompsen*, 878 A.2d 1218 (D.C.2005) were construed on appeal as adopting an "as soon as services rendered" test as the determination for the start of the running of the statute of limitations for an unjust enrichment claim, then the defendant would be afforded a valid statute of limitations defense to the claim that would terminate this litigation independent of its immunity defense. Accordingly, certification of the statute of limitations issue would materially advance this litigation if there is a substantial ground for a difference of opinion on the issue.

## C.

■ Having determined whether the two prongs addressed above warrant certification, resolution of the defendant's request turns on whether it has satisfied the final prong of 28 U.S.C. § 1292(b), *i.e.*, is there a substantial ground for a difference of opinion concerning when the statute of limitations as to the plaintiff's unjust enrichment claim started to run. In resolving this issue, this Court relied on the District of Columbia Court of Appeals' decision in *Thompsen*, 878 A.2d 1218. *Thompsen* decided on first impression a "novel and difficult" statute of limitations question on which the Court in *Thompsen* noted "reasonable minds could differ." *Id.* at 1219. This Court interpreted *Thompsen* to hold that on the facts presented there, that an unjust enrichment claim accrues when enrichment becomes unjust as determined by the point in time when payment has been refused. Order, 536 F.Supp.2d at 50–52. The defendant questions this Court's interpretation of the facts presented here, and whether the standard employed by this Court for claim accrual of the plaintiff's unjust enrichment claim is justified by *Thompsen*.

The Court recognizes that while the factual determination that the existence of a specific refusal to compensate the plaintiff brings this case under *Thompsen*'s purview, the defendant has gone beyond disputing this factual determination by presenting arguments about the clarity of the *Thompsen* holding. Specifically, the defendant argues that (1) *Thompsen* itself is ambiguous as to whether an unjust enrichment claim accrues "as soon as the services were rendered," (2) *Thompsen* did not resolve (or need to resolve) that ambiguity, (3) *Thompsen*, in part, relies on

precedent from other Circuit Courts which use the "as soon as rendered" test, (4) another Court in this Circuit has interpreted *Thompsen* to require an "as soon as the services were rendered" standard, and (5) based on these grounds, certification would be justified without regard to the Court's belief that the test it employed is correct. Def.'s Mot. at 6–11 (citations omitted). On the other hand, the plaintiff argues that the facts of this case place it squarely under the test employed by *Thompsen* and distinguish the circumstances in *Thompsen* from those cases that might create a substantial ground for difference of opinion as to when a claim for unjust enrichment accrues. Pl.'s Opp'n at 2–3.

*(1) Ambiguity and the scope of Thompsen*

In asserting that the ruling in *Thompsen* is ambiguous, the defendant first focuses on the statement in *Thompsen* and quoted in this Court's Order that "the cause of action [for unjust enrichment] accrues upon presentment and subsequent rejection of a bill for services, *or as soon as the services were rendered* ", Order, 536 F.Supp.2d at 52 (emphasis added), as creating ambiguity as to whether the statute of limitations begins running when services are rendered, or only when payment has been refused. Although the *Thompsen* Court may have created some confusion by this statement, another passage in *Thompsen* clarifies that the case *Thompsen* cited when quoting this language actually held that the unjust enrichment claim accrued when services were rendered and when payment was refused. 878 A.2d at 1223 (noting that "[t]he court in *Zic* [*v. Italian Gov't Travel Office,* 149 F.Supp.2d. 473, 476 (N.D.Ill.2001) ] emphasized that 'the essence of a *quantum meruit* claim . . . is not the plaintiff's expectation of payment, but the unjust enrichment of the defendant,' and held that the defendant was unjustly enriched *when the services were*

*rendered and when payment was refused.*") (emphasis added). The *Thompsen* Court went on to immediately state: "a claim . . . only accrues, however, when the enrichment becomes unjust; the statute of limitations starts to run upon the occurrence of the wrongful act giving rise to a duty of restitution." *Id.* (citation and internal quotations omitted).

The language relied upon by the defendant cannot be considered in a vacuum and to do so distorts the *Thompsen* ruling, and does not create a ground of substantial difference. Moreover, other portions of the *Thompsen* opinion clearly support this Court's interpretation of the ruling. *Thompsen* states at the outset that "the statute of limitations begins to run when the plaintiff's last service has been rendered *and compensation has been wrongfully withheld.*" *Id.* at 1219 (emphasis added). Additionally, the Court stated that "unjust enrichment occurs when: . . . under the circumstances the defendant's retention of the benefit is unjust." *Id.* at 1222. Further, the *Thompsen* Court noted that "the statute of limitations starts to run upon the occurrence of the wrongful act giving rise to a duty of restitution." *Id.* at 1223 (citation and internal quotations omitted). In adopting a last service and wrongful withholding standard on the facts of that case, the *Thompsen* Court focused on the date when the last service had been performed, compensation had been refused, and the benefit of the service had been conferred. *Id.* at 1225. It also used language such as "by the time the [defendant] refused to accommodate [the plaintiff]" in analyzing the presence of unjustness. *Id.* at 1226. A comprehensive reading of *Thompsen* therefore leads this Court to conclude that there is no ambiguity in *Thompsen*'s holding, its application to the facts of that case, and the facts of this case as well.

■ The defendant also seeks support for its position from a footnote in *Thompsen* ("Footnote 7"), which states "we need not decide whether the statute of limitations would have begun to run if the last service had been rendered but if the [defendant] had not communicated to [the plaintiff] its refusal to compensate her." *Id.* at 1225. As the plaintiff has noted, this is not a case where a refusal was not communicated. Pl.'s Opp'n at 2. The defendant objects to the Court's reasoning in finding that there had not been a refusal of payment in its pre-November 4, 2003 communications to the plaintiff because those communications allow for compensation on a "success fee" basis. Def.s' Mot. at 8–9. The defendant argues that such reasoning also applies to the remaining communications with the plaintiff, and therefore no actual refusal of payment occurred. *Id.* The Court's finding on this point, however, raises a factual question as compared to a § 1292(b) legal ground for a difference of opinion as to when an unjust enrichment claim accrues.[1] In any event, Footnote 7 addresses a scenario that is not present in this case, as the record is clear that it was on November 4, 2003, when the defendant unequivocally indicated its intention not to pay the plaintiff for his services, having failed to unequivocally do so before that.

**(2) *Conflict with other Circuits and within this Circuit***

The defendant's next concern is a possible conflict between this Court's ruling and the position of other Circuits. The *Thompsen* Court explicitly stated that the analysis in *Baer v. Chase*, 392 F.3d 609 (3d Cir.2004), was "consistent with our precedents, and its approach to the statute of limitations issue is founded upon case law elsewhere and apparently represents the generally accepted approach." *Thompsen,* 878 A.2d at 1225. That generally accepted approach, as described in *Baer,* is that those jurisdictions that have ruled on the applicability of the discovery rule in unjust enrichment cases "have chosen not to utilize the discovery rule, but rather to employ a 'last rendition of services' test." 392 F.3d at 622–23. *Baer,* itself, also applied a last services rendered test. *Id.* at 623.

The defendant argues that, in this case, the last rendition of services test relied on in *Baer* and other relevant authority would have caused the statute of limitations clock to commence in August, 2003, immediately upon the completion of the plaintiff's services. Without a discovery rule to reset the start of the limitation period, the defendant argues that the filing of the plaintiff's unjust enrichment claim should have been ruled time-barred. Def.'s Mot. at 9–10. *Thompsen* did not apply a discovery rule but also did not follow the defendant's approach. Instead, it applies, for cases where there has been a refusal of payment, a statute of limitations period that commences with a refusal of compensation. *Thompsen,* 878 A.2d at 1219, 1225. This approach is consistent with precedent *Thompsen* relied on, which require, *inter alia,* the presence of elements that could support a suit. *Id.* at 1222. Although *Thompsen* leaves a range of factual situations undecided—cases where no actual refusal is expressed, or where a defendant had not yet benefitted from the plaintiff's

---

1. The argument about which, if any, of the relevant communications from the defendant amounted to an unequivocal refusal to pay the plaintiff does not, by itself, satisfy § 1292(b), because the argument raises a factual dispute, not a question of law. *See Lee v.* *Wolfson,* 265 F.Supp.2d 14, 19 (D.D.C.2003) ("Although '[w]hat constitutes the accrual of a cause of action is a question of law,' determining when accrual occurs in a specific case is a question of fact." (citing *Diamond v. Davis,* 680 A.2d 364, 370 (D.C.1996))).

efforts, for instance—it did decide that in cases where the "compensation has been wrongfully withheld," the statute of limitation begins to run when compensation is refused. *Id.* at 1219.

Another court in this circuit, while quoting the language in *Thompsen* that "the statute of limitations begins to run when the plaintiff's last service has been rendered and compensation has been wrongfully withheld," nonetheless held that the limitation time there began to run "upon the presentation of [the benefit] to the defendants." *McQueen v. Woodstream Corp.*, 244 F.R.D. 26, 35–36 (D.D.C.2007) (holding product developer's claim timebarred because "discovery rule ... does not apply to unjust enrichment claims" (citing *Thompsen*, 878 A.2d at 1225)). *McQueen*, however, is clearly distinguishable from this case on its facts as there was no communicated refusal of payment and no close-in-time refusal to compensate.[2] Thus, there is simply no conflict as perceived by the defendant. Any ambiguity in the *Thompsen* holding exists in the context of the fact pattern presented in *McQueen*, but not in the factual situation in this case, which closely resembles the facts presented in *Thompsen* and, thus, falls squarely under the clear and unambiguous holding of *Thompsen*. In other words, that another factual situation may raise questions about what event triggers the running of the statute of limitations under *Thompsen*, does not affect the clarity of the issue presented to the Court in this case. The defendant has therefore failed to satisfy this final prong of § 1292(b).

**III. Conclusion**

For the reasons stated herein, the Court finds that the defendant has not satisfied all three prerequisites for certification under 28 U.S.C. § 1292(b) and, therefore, it must **DENY** the defendant's motion to certify the statute of limitations question for an interlocutory appeal. Accordingly, it is hereby

**ORDERED** that the Defendant's Motion for Certification of the February 22, 2007 Order addressing the defendant's statute of limitations defense to the plaintiff's unjust enrichment claim is **DENIED.**

**SO ORDERED** this 26th day of January, 2009.[3]

---

**2.** McQueen appears to be precisely the type of factual situation without any communicated refusal of payment that the Thompsen Court did not address as noted in Footnote 7. Moreover, the McQueen holding is a position supported by (the nearly identical) Baer decision and is consistent with the refusal of courts to apply a discovery rule in similar cases.

**3.** An Order is being issued contemporaneously with this Memorandum Opinion.