# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued November 13, 2008        Decided December 12, 2008

No. 07-5391

WENDY A. OSCARSON,
APPELLEE

v.

OFFICE OF THE SENATE SERGEANT AT ARMS,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 04cv00026)

———

*M. Stacey Bach*, Senate Senior Counsel for Employment, Office of the Senate Sergeant at Arms, argued the cause for appellant. With her on the briefs were *Jean M. Manning*, Senate Chief Counsel for Employment, and *C. Patrick McMurray*, Senate Assistant Counsel for Employment.

*Avi L. Kumin* argued the cause for appellee. With him on the brief were *Debra S. Katz*, *Lisa J. Banks*, and *Daniel B. Edelman*.

Before: GARLAND and BROWN, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

WILLIAMS, *Senior Circuit Judge*: Wendy A. Oscarson is an employee of the Office of the Senate Sergeant at Arms ("SAA"); she suffers from cervical disc disease and left carpal tunnel syndrome. In 2002, she requested accommodations in the form of ergonomic, high-backed chairs for each of her three work stations. Although SAA officials eventually made these accommodations, Oscarson asserts that in doing so they unreasonably delayed. She brought suit against the SAA under the Congressional Accountability Act ("CAA"), which makes certain provisions of the Americans with Disabilities Act ("ADA") applicable to congressional offices. 2 U.S.C. § 1311(a)(3).

The SAA moved to dismiss for lack of subject matter jurisdiction. It claimed that Oscarson had failed to comply with the CAA's requirement that a request for counseling be filed with the Senate's Office of Compliance within 180 days of the alleged violation. 2 U.S.C. § 1402. The SAA argued that this stripped the district court of jurisdiction, claiming that the CAA's jurisdictional provision, 2 U.S.C. § 1408, incorporated the timeliness requirement of § 1402 and made compliance with it a condition of the CAA's waiver of sovereign immunity. The district judge denied the motion in a minute order, and the SAA now seeks an interlocutory appeal. We dismiss the appeal for lack of appellate jurisdiction.

* * *

The federal courts of appeals have jurisdiction over the "final decisions" of district courts. 28 U.S.C. § 1291. Interlocutory appeals "are the exception, not the rule," *Johnson v. Jones*, 515 U.S. 304, 309 (1995), and denials of

motions to dismiss are generally not reviewable. *McSurely v. McClellan*, 697 F.2d 309, 315 (D.C. Cir. 1982). In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949), however, the Supreme Court established that certain collateral orders are immediately appealable. To come within the scope of the collateral order doctrine, an order must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978).

The courts have allowed interlocutory appeals for various immunity defenses, reasoning that reversal after final judgment gives no effective protection for the right not to bear the burden of litigation. See *Rendall-Speranza v. Nassim*, 107 F.3d 913, 916 (D.C. Cir. 1997). They have approved such appeals, for example, for denials of qualified immunity, *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), Eleventh Amendment immunity, *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993), and a foreign state's sovereign immunity, *Princz v. Federal Republic of Germany*, 998 F.2d 1, 1 (D.C. Cir. 1993).

There are a number of questions that would have to be answered affirmatively for interlocutory review to be proper here, including, among others: (1) whether such review is available for defenses of federal sovereign immunity at all; (2) whether the CAA can be read as making the timeliness of a request for counseling jurisdictional, or has otherwise signaled an intent to protect the SAA from the burden of litigation in the absence of a timely request; and (3) whether the *nature* of the dispute over timeliness, given its factbound character and its overlap with the merits, is such that interlocutory review would be permitted if the first two hurdles were overcome. We assume arguendo answers to the first two issues in favor

of the SAA, but conclude that the answer to the third question is negative and fatal to our jurisdiction.

First, we note an apparent split in the circuits over whether denials of claims of federal sovereign immunity may ever qualify for interlocutory review. *Alaska v. United States*, 64 F.3d 1352, 1355 (9th Cir. 1995); *Pullman Constr. Indus. v. United States*, 23 F.3d 1166, 1168 (7th Cir. 1994) ("[T]he United States Code is riddled with statutes authorizing relief against the United States and its agencies . . . . [I]t is difficult to speak of federal sovereign immunity as a 'right not to be sued.'"); see also *Houston Cmty. Hosp. v. Blue Cross & Blue Shield of Tex., Inc.*, 481 F.3d 265, 280 (5th Cir. 2007). But see *In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 191 (2d Cir. 2008) ("We are not convinced that *Pullman* or its progeny counsel us to disregard the statements of the Supreme Court that sovereign immunity encompasses a right not to be sued . . . ."). A decision in this circuit expressed skepticism about the cases saying that federal sovereign immunity categorically excludes a right not to be sued, but expressly declined to resolve the issue. *In re Sealed Case No. 99-3091*, 192 F.3d 995, 1000 (D.C. Cir. 1999). We also do not need to reach it today.

Second, we note the complexities of the question whether the CAA implies that the SAA should be protected from the burdens of suit in the absence of a timely request for counseling. The appellant's attorney conceded at oral argument that if § 1402's timeliness criterion is not jurisdictional, there can be no interlocutory appeal. Oral Argument Rec. 3:23-3:25. We need not decide whether this concession accurately reflects the law. On the one hand, statutes of limitations generally do not give rise to a right not to stand trial. See *Digital Equip. Corp. v. Desktop Direct. Inc.*, 511 U.S. 863, 873 (1994). On the other hand, the Supreme Court offered its principal explanation for allowing

interlocutory appeal in the immunity context in *Mitchell v. Forsyth*, addressing officials' qualified immunity—an immunity that was itself entirely a judicial creation. 472 U.S. at 524-30. Apart from that, there is uncertainty whether the CAA time limitation is in fact jurisdictional, and whether, if it is, a district court's finding of jurisdiction is subject to interlocutory review.

In any event, assuming arguendo answers to these questions favorable to the SAA, we lack jurisdiction over this appeal. The district court's decision appears to be simply a conclusion that the rather complex concatenation of undisputed facts failed to establish that Oscarson's request for counseling was untimely. Our interlocutory review of such a determination would be at odds with the principles set out by the Supreme Court in *Johnson v. Jones*, 515 U.S. 304, 309 (1995); moreover, as the facts in question are bound up with the merits of the appellee's claim, the issue fails to satisfy the *Cohen* test's requirement that it be completely separate from the merits of the underlying action, *Coopers & Lybrand*, 437 U.S. at 468.

\* \* \*

In *Johnson* the appellants sought to challenge the district judge's determination that there was sufficient evidence to raise a triable issue of fact with respect to their qualified immunity defense. 515 U.S. at 308. The question before the Court was whether *Mitchell v. Forsyth*'s provision for interlocutory review would reach such a question of evidence sufficiency. *Id.* The Court denied interlocutory review and held that immediate appeals of qualified immunity matters would be limited to cases presenting relatively "abstract issues of law." *Id.* at 317.

On the conceptual level, the Court explained, interlocutory review of fact-related determinations does not comport with *Cohen*'s theory of appealability. *Id*. at 314. *Cohen* allows for interlocutory appeals only where the "decision involves issues significantly different from those that underlie the plaintiff's basic case." *Id*. Where defendants seek to appeal evidence sufficiency determinations, however, "it will often prove difficult to find any such 'separate' question—one that is significantly different from the fact-related legal issues that likely underlie the plaintiff's claim on the merits." *Id*.

In practical terms, the Court found that "the competing considerations that underlie questions of finality" counseled against immediate review for this class of decisions. *Id*. at 315-16. First, because trial judges constantly confront questions such as the existence or non-existence of a triable issue of fact, "appellate judges enjoy no comparative expertise in such matters" and "interlocutory appeals are less likely to bring important error-correcting benefits here than where purely legal matters are at issue, as in *Mitchell*." *Id*. at 316. Second, assessing "whether or not a record demonstrates a 'genuine' issue of fact for trial . . . can consume inordinate amounts of appellate time," leading to greater delay than in cases such as *Mitchell*, involving a pure issue of law. *Id*. Third, interlocutory appeals of such rulings would "make[] unwise use of appellate courts' time, by forcing them to decide in the context of a less developed record, an issue very similar to one they may well decide anyway later, on a record that will permit a better decision." *Id*. at 317. All in all, "considerations of delay, comparative expertise of trial and appellate courts, and wise use of appellate resources argue in favor of limiting interlocutory appeals of 'qualified immunity' matters to cases presenting more abstract issues of law." *Id*.

Although this case concerns federal sovereign immunity rather than qualified immunity, we cannot imagine why the *Johnson* principles would not apply with equal force to the immunity claim here. See *Burlington Northern & Santa Fe Ry. v. Vaughn*, 509 F.3d 1085, 1091 (9th Cir. 2007) (applying *Johnson* in the context of a tribal immunity claim and stating that "denial of *an immunity claim* is appealable on an interlocutory basis only to the extent that it turns on an issue of law" (emphasis added)). We must therefore determine whether this appeal turns on the sort of abstract legal issue that *Johnson* would permit us to review.

\* \* \*

The task of determining what kind of issue this appeal presents is complicated somewhat by the fact that the district judge denied the appellant's Rule 12(b)(1) motion in a minute order, without providing reasons for doing so. The basis for his decision, however, is reasonably clear.

In its motion, the SAA argued that the timeliness requirement of § 1402 was jurisdictional, and that Oscarson had failed to meet it because her own statements indicated that her injury had accrued more than 180 days before she requested counseling. Def.'s Mot. to Dismiss at 6-8. In her opposition to the motion, Oscarson did not contest that the requirement was jurisdictional, but argued that she had complied with it. Pl.'s Opp'n to Def.'s Mot. to Dismiss at 4-13. Although the argument was not before the judge, it is theoretically possible that he denied the motion on the grounds that the requirement was not jurisdictional. But if the judge held that view, he could simply have recast the Rule 12(b)(1) motion as one under Rule 12(b)(6); we find it unlikely that he would silently deny the motion on the theory

that it was wrongly numbered. We therefore reject this hypothesis as extremely improbable.

We are left with the conclusion that the district judge rejected the SAA's assertion that under the facts claimed by Oscarson—which were undisputed for purposes of the SAA's motion—her counseling request was untimely. This determination does not turn on an abstract question of law, *Johnson*, 515 U.S. at 313, and does not address an issue separate from the merits of the underlying action, *Coopers & Lybrand*, 437 U.S. at 468.

The SAA asserts that a claim accrues when the plaintiff knows or should know about the injury. Appellant's Br. at 30. It reasons that a number of facts contained in Oscarson's statements and allegations—for example, her assertion that in October 2002 she felt that the SAA "had completely dropped the ball" on her accommodation request—establish that she knew of her injury more than 180 days before she requested counseling. *Id*. at 38. Oscarson counters that other facts—for example, that she stayed in contact with SAA officials regarding her accommodation request well into 2003—demonstrate that she did not yet know about the injury. Appellee's Br. at 36. Thus the dispute is, as in *Johnson*, over the legal classification of a congeries of facts, here facts on which the parties conditionally agree. Therefore, the "considerations of delay, comparative expertise of trial and appellate courts, and wise use of appellate resources," *Johnson*, 515 U.S. at 317, counsel against interlocutory review just as strongly in this case.

The SAA's briefs twice call our attention to the fact that its motion to dismiss assumed the validity of the facts asserted by Oscarson. Appellant's Br. at 3 n.3; Appellant's Reply Br. at 8. Accordingly, it argues, *Johnson* "is inapposite." *Id*. at 8 n.10. The argument completely misconceives the *Johnson*

rule. *Johnson* itself addressed an appeal by defendants from the district court's denial of their summary judgment motion, *Johnson*, 515 U.S. at 307-08, 319-20; see also *Jones v. Johnson*, 26 F.3d 727 (7th Cir. 1994), a ruling that courts of appeal review *de novo* as a matter of law. *Defenders of Wildlife v. Gutierrez*, 532 F.3d 913, 918 (D.C. Cir. 2008). There, as here, the question was how the law applied to the rather complex set of facts asserted by the non-moving party. There had been no fact-finding by the district court, and no call on the court of appeals to review any purely factual determinations. But *Johnson* and this case pose the sort of fact-rich legal issues for which the theory of interlocutory review under *Cohen* is inapplicable, at least in the immunity context.

*Johnson*'s observation that factual issues would often be difficult to separate from the merits of the underlying action also applies here. *Id*. at 314. Whether a CAA plaintiff timely requested counseling depends on the date of the alleged violation, which in turn depends on what constitutes a violation and on pinpointing the time of its occurrence. Here the SAA suggests that Oscarson knew or should have known of the injury underlying her claim when she "reasonably should have suspected that her rights were violated," Appellant's Br. at 31, raising a question that can only be answered by considering at what point the alleged delay might be thought to amount to a violation. In a case of delayed accommodation, such as the present one, merits and timeliness of request for counseling are tightly meshed.

Because of the mingling of preliminary and merits issues, the SAA's appeal fails not only *Johnson*'s requirement but also the second necessary condition for an interlocutory appeal under the collateral order doctrine—that the issue be "completely separate from the merits of the action." *Coopers & Lybrand v. Livesay*, 437 U.S. at 468.

Under both *Cohen* and *Johnson*, therefore, we lack jurisdiction over this appeal.

\* \* \*

The appeal is

*Dismissed.*