LUCERO, J.,
concurring.
I concur in the majority opinion, save for the last two paragraphs of Part 11(B). There can be no dispute but that (1) the order being appealed was not a final order; and (2) this case is indistinguishable from Desktop Direct, Inc. v. Digital Equipment Corp., 993 F.2d 755, 756 (10th Cir.1993). I write separately solely to address the final two paragraphs of Part 11(B).
Given that this case is factually indistinguishable from Desktop Direct, that appears to me to end the matter. The subject two paragraphs of Part 11(B) are analytically unnecessary and are in the nature of dicta. But for their extraneous nature, these paragraphs would present two serious consequences.
First, the majority states that “the only time a claimed right not to stand trial will justify immediate appellate review under Cohen [v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949),] is when a statutory or constitutional provision guarantees that claimed right.” (Majority Op. 1295-96 (quotation omitted).) The majority cites Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863, 874,114 S.Ct. 1992, 128 L.Ed.2d 842 (1994), to support this proposition. However, in that case, the Court explicitly declined to so limit Cohen, holding that rights embodied in constitutional or statutory provisions are more likely to be deemed “important,” but “there is no need to decide here that a privately conferred right could never supply the basis of a collateral order appeal.” Id.
The majority’s contrary language is an unfortunate misreading of the law. If followed, this would present adverse consequences for established legal principles. For example, we allow interlocutory review of denials of qualified immunity. That principle flows from “an entitlement not to stand trial.” Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Yet qualified immunity is not guaranteed by statute or the Constitution. It is a judge-made doctrine.[1] See, e.g., Oscarson v. Office of Senate Sergeant at Arms, 550 F.3d 1, 3 (D.C.Cir. 2008) (qualified immunity is “entirely a judicial creation”). Applying the rule the majority proposes would mean an end to interlocutory review of qualified immunity denials.
Second, the majority would impermissibly limit Cohen. Because of amendments to the Rules Enabling Act, the majority decrees:
“[A]ny further avenue for immediate appeal” of interlocutory rulings not amenable to Cohen, including those involving a putative right not to stand trial guaranteed by a plea or settlement agreement, “should be furnished, if at all, through rulemaking with the opportunity for full *1300 airing it provides,” not through further ad hoc case-by-case expansion of the Cohen doctrine.
(Majority Op. 1296 (quoting Mohawk Indus., Inc. v. Carpenter, — U.S.-, 130 S.Ct. 599, 609, 175 L.Ed.2d 458 (2009) (alterations omitted))); see also United States v. Wampler, 624 F.3d 1330, 1338 (10th Cir.2010) (Gorsuch, J.) (using a similar quotation). I of course have no objection to the proposition that appeal of interlocutory rulings “not amenable to Cohen ” should be provided by rulemaking rather than expansion of Cohen. Mohawk Industries, however, holds only that orders to disclose materials over a claimed attorney-client privilege are not amenable to Cohen. Mohawk Indus., 130 S.Ct. at 609 (emphasis added). Mohawk Industries does not speak of claimed rights “not to stand trial guaranteed by a plea or settlement agreement.” The Rules Enabling Act decrees “rulemaking, not expansion by court decision,” the preferred method for creating new avenues for interlocutory appeals, see id.; rulemaking is not mandated as the only method. Mohawk Industries preserved, and notably applied, Cohen. Mohawk Indus., 130 S.Ct. at 607. If Cohen is to be reversed or undermined, the Supreme Court has cautioned us that “it is th[e] Court’s prerogative alone to overrule one of its precedents.” State Oil Co. v. Khan, 522 U.S. 3, 20, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997).
As noted, the last two paragraphs of Part 11(B) are unnecessary to our ruling today, and therefore are in the nature of dicta. Because it is not harmless dicta, I specially concur.

. Regardless, says the majority, qualified immunity "enjoy[sj a sufficiently 'good pedigree in public law’ to come within [the] requirement that a right not to be tried have a statutory or constitutional basis.” (Majority Op. 1297 n. 2. (quoting Digital Equip., 511 U.S. at 875, 114 S.Ct. 1992).) But Digital Equipment merely cited this “good pedigree” as proof that, unlike some "implicit” rights not to stand trial, qualified immunity is important enough to fall under Cohen. See Digital Equip., 511 U.S. at 875, 882, 114 S.Ct. 1992. At no point does the case imply that qualified immunity has a constitutional or statutory basis.