[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13889
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-00450-RBD-SRW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GERRIC MARTIN JONES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 30, 2018)

Before WILSON, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Gerric Martin Jones was sentenced to 36 months' imprisonment after he pled guilty to one count of being a felon in possession of a firearm, one count of possession of cocaine, and one count of possession of marijuana.  On appeal, Jones argues that the district court erred by imposing a procedurally and substantively unreasonable sentence.  After careful review, we affirm.

## I.    BACKGROUND

While patrolling a neighborhood in response to recent burglaries, three Montgomery police officers observed Jones's vehicle pull up "on the wrong side of traffic," after which a woman approached the car and appeared to make a "hand-to-hand drug transaction" with Jones.  Doc. 51 at 8.[1]  After observing the exchange, the officers initiated a traffic stop.  One of the officers approached the drivers' side window of the vehicle, smelling marijuana as he approached.  He asked Jones if there was anything in the car he should be concerned about, and Jones stated that he had a pistol.  The officer asked Jones to step out of the vehicle, and Jones complied.  The officer conducted a pat down of Jones and discovered a handgun, a plastic bag containing about eight grams of crack cocaine, and two small bags of marijuana.  A subsequent vehicle search produced a third bag of marijuana and a digital scale.  In total, the search revealed 13.5 grams of marijuana.

---

[1] Citations to "Doc. #" refer to docket entries in the district court record.

A federal grand jury indicted Jones with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); one count of possession of cocaine base, in violation of 21 U.S.C. § 844(a); and one count of possession of marijuana, in violation of 21 U.S.C. § 844(a).  Jones pled guilty without a plea agreement.

In preparing the Presentence Investigation Report ("PSI"), the probation officer calculated a base offense level of 20.  *See* U.S.S.G. § 2K2.1(a)(4)(A).  The probation officer applied a four-level enhancement pursuant to U.S.S.G § 2K2.1(b)(6)(B) because Jones used or possessed a firearm in connection with a felony.  The probation officer credited Jones with a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of 21.  Based on a criminal history category of II, the calculated Sentencing Guidelines range was 41 to 51 months of imprisonment.

Jones objected to the PSI, arguing that the four-level enhancement was improper because the possession of the firearm did not occur in connection with a felony offense.  The district court applied the enhancement over Jones's objection. After considering the Sentencing Guidelines as well as the factors in 18 U.S.C. §§ 3551 and 3553, the district court sentenced Jones to 36 months' imprisonment, below the calculated guidelines range.

## II.    STANDARDS OF REVIEW

We review a district court's findings of fact for clear error and its application of the Sentencing Guidelines *de novo*.  *United States v. Maddox*, 803 F.3d 1215, 1220 (11th Cir. 2015).  Whether a firearm was used "in connection with" a felony offense is a factual finding reviewed for clear error.  *See United States v. Whitfield*, 50 F.3d 947, 949 n.8 (11th Cir. 1995).  A finding of fact is clearly erroneous if we are left with a "definite and firm conviction that a mistake has been committed." *United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998).

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).   A district court abuses its discretion when it:  (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper factor, or (3) commits a clear error of judgment in considering the proper factors.  *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006).

## III.    DISCUSSION

To determine whether Jones's sentence is reasonable, we first must assess whether the district court committed a significant procedural error.  *Gall*, 552 U.S. at 51.  Second, we must consider whether the sentence is substantively reasonable. *Id.*; *United States v. Williams*, 526 F.3d 1312, 1321-22 (11th Cir. 2008).  Jones

4

argues that his sentence was both procedurally and substantively unreasonable. We address each of his arguments in turn.

## A.   Procedural Reasonableness

Jones first argues that his sentence was procedurally unreasonable because the district court incorrectly applied a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B).  That enhancement was inappropriate, Jones argues, because his possession of a firearm was not "in connection with" another felony offense.  We disagree.

The government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement.  *United States v. Smith*, 480 F.3d 1277, 1280 (11th Cir. 2007).  The Sentencing Guidelines provide for a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6)(B).  The enhancement applies if "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense."  *Id.* § 2K2.1 cmt. n.14(A).  With respect to drug trafficking offenses, the enhancement applies if a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia.  *Id.* § 2K2.1 cmt. n.14(B).  "Another felony offense" includes crimes that would be punishable by imprisonment for more than one year,

5

"regardless of whether a criminal charge was brought, or a conviction obtained" as to that offense.  *Id.* § 2K2.1 cmt. n.14(C).

Here, the district court did not err in applying the four-level enhancement, because the evidence adduced at the sentencing hearing showed that Jones's gun was found near drugs during the commission of a drug trafficking offense.[2]  The officer who observed the incident involving Jones testified that based on his experience with several drug cases, he believed the interaction between Jones and the woman was a drug exchange.  The officer also testified that the amount of cocaine found on Jones's person "would [have been] a lot for personal usage" and that the amount of marijuana found was "too much for personal use."  Doc. 51 at 10-11.  Additionally, a search of Jones's vehicle revealed a digital scale.  We cannot conclude that the district court clearly erred in finding that this evidence established by a preponderance of the evidence that Jones possessed a firearm in connection with another felony offense.

Jones argues that because he was charged with simple possession, which is not a drug trafficking offense, the district court could not infer from the firearm's mere proximity to drugs that it was being used "in connection with" another felony offense.  But the offense with which Jones was charged is irrelevant because the

---

[2] Possession with intent to distribute a controlled substance is a felony offense.  *See* 21 U.S.C. § 841(a)(1) and (b).  To prove possession with intent to distribute, the government must establish (1) knowledge; (2) possession; and (3) intent to distribute.  *United States v. Hernandez*, 743 F.3d 812, 814 (11th Cir. 2014).

6

enhancement applies regardless of whether a criminal charge was brought or a conviction was obtained. *See* U.S.S.G. § 2K2.1 cmt. n.14(C). When the government establishes by a preponderance of the evidence that a drug trafficking offense[3] has occurred, the enhancement applies if a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia. *See* U.S.S.G. § 2K2.1 cmt. n.14(B). The district court therefore did not err in applying the four-level enhancement.

## B.    Substantive Reasonableness

Having determined that the district court's sentencing decision was procedurally sound, we next consider the substantive reasonableness of Jones's sentence. Jones argues that despite the district court's downward variance from the guidelines range, the district court's sentence was greater than necessary to achieve the purposes of § 3553(a). Again, we disagree.

When reviewing a sentence for substantive unreasonableness, we examine the totality of the circumstances, including whether the statutory factors in § 3553(a) support the sentence in question.[4] *United States v. Gonzales*, 550 F.3d

---

[3] We note that Jones does not contest that possession with intent to distribute, prohibited by 21 U.S.C. § 841(a)(1), is a drug trafficking crime.

[4] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. These purposes include the need to:  reflect the seriousness of the offense, promote respect for the law, provide just punishment; deter criminal conduct, protect the public from the defendant's future criminal conduct, and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). The court must also consider the

1319, 1324 (11th Cir. 2008).   The party challenging the sentence bears the burden to show it is unreasonable.  *United States v. Tome*, 611 F.3d. 1371, 1378 (11th Cir. 2010).  Although we do not automatically presume a sentence falling within the guidelines range to be reasonable, we ordinarily expect it to be.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  We will not second guess the weight, or lack thereof, that a district court accorded to a given factor as long as the sentence is reasonable in light of all the circumstances presented.  *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010).

Jones argues that the district court failed to consider that his offense was non-violent, that he accepted responsibility for the offense, that he had a limited criminal history, and that he complied with the terms of his supervision and passed drug screening tests.  But a district court need not discuss each of the § 3553(a) factors explicitly; an acknowledgement that it has considered the defendant's arguments and the § 3553(a) factors is sufficient.  *Gonzalez*, 550 F.3d at 1324.  In explaining its chosen sentence, the district court stated that it had considered the 3553(a) factors.  Additionally, the district court heard Jones's arguments, including those regarding the non-violent nature of his offense and the time he spent out on

---

nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)(7).

bond without incident.  As the district court explained, although it considered Jones's offense to be serious, it did not believe that Jones was a high-level offender, and accordingly, it decided that a sentence within the guidelines range would be excessive, sentencing Jones below the guidelines range.  Jones has failed to demonstrate, therefore, that the district court's 36-month sentence was substantively unreasonable.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**