[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13427
Non-Argument Calendar
_____

D.C. Docket No. 9:19-cr-80037-WPD-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERIC KLAUSMEYER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 15, 2020)

Before ROSENBAUM, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Eric Klausmeyer appeals his 96-month sentence, imposed after he pled guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).  On appeal, Klausmeyer argues that his below-guideline sentence is procedurally and substantively unreasonable.  Because the district court adequately explained its decision to impose this sentence and did not abuse its discretion in weighing the 18 U.S.C. § 3553(a) sentencing factors, we affirm.

## I.    BACKGROUND

This case arises out of Klausmeyer's communications through an online messaging application with an individual who turned out to be an undercover law enforcement officer.  Over the course of their communications, Klausmeyer sent the undercover officer images and videos depicting children engaged in sexually explicit conduct.  On this basis, officers executed a search warrant on Klausmeyer's home and recovered various electronic devices containing a total of 335 images and 11 videos depicting child pornography.  Klausmeyer was charged with, and pled guilty to, one count of distribution of child pornography.

Prior to sentencing, the probation office prepared a presentence investigation report ("PSR").  The PSR applied a base offense level of 22.  Klausmeyer received a two-level enhancement because the material involved a minor under the age of 12, a two-level enhancement because the offense involved distribution, a four-level enhancement because the material either portrayed violence or sexual abuse of an

2

infant or toddler, a two-level enhancement because Klausmeyer used a computer, and a five-level enhancement because the offense involved more than 600 images.[1] He received a three-level reduction for acceptance of responsibility. Based on a total offense level of 34 and a criminal history category of I, Klausmeyer's recommended range under the Sentencing Guidelines was 151 to 188 months' imprisonment.

The PSR discussed Klausmeyer's personal background. Klausmeyer explained that his father emotionally abused him as a child. His mother noted that he struggled after his younger brother and father's longtime girlfriend died within the span of a few months. The PSR noted that Klausmeyer had recently been diagnosed with major depressive disorder, generalized anxiety disorder, and primary insomnia and was receiving treatment. The PSR also recounted that he had degrees in business administration and construction management and, prior to his arrest, he owned and operated a construction business.

Klausmeyer did not object to the PSR, but he requested the mandatory minimum sentence of 60 months' imprisonment. In a sentencing memorandum, he referred the district court to testimony from federal judges on the flaws of child pornography sentencing enhancements, arguing that the enhancements were based

---

[1] A video clip is considered to have 75 images. U.S.S.G § 2G2.2(b)(7), cmt. n.6(B)(ii).

on "legislative politics," rather than empirical analysis.  Doc. 39 at 4.[2]  He cited

cases where defendants convicted of child pornography-related offenses received

well below-guideline sentences.  At sentencing, Klausmeyer's psychotherapist

testified that he has complex post-traumatic stress disorder and sex addiction.  The

therapist did not consider him to be a sexual offender because his conduct did not

involve the exertion of power.  Klausmeyer also submitted letters from family and

members of his community attesting to his good character and claimed that given

his education, work history, mental status, low risk of recidivism, and willingness

to pay restitution to victims, a 60-month sentence was appropriate.

The government did not request that the district court impose a specific

sentence, but it argued that more than 60 months' imprisonment was necessary

given the nature of the offense.  Although the government agreed that Klausmeyer

had accepted responsibility and acknowledged that he was willing to pay

restitution, it emphasized that the harm to the victims weighed in favor of a within-

guideline sentence.  The government noted that there were approximately 43

victims identified on Klausmeyer's devices and submitted victim impact

statements from seven victims.

Before imposing a sentence, the district court explained that it had reviewed

the 18 U.S.C. § 3553(a) factors and the Sentencing Guidelines.  The court

---

[2] "Doc." numbers refer to the district court's docket entries.

considered several mitigating factors, including Klausmeyer's cooperation with law enforcement, his mental status, his family and community support, and his lack of criminal history.  The court considered defense counsel's argument that Klausmeyer presented a low risk of recidivism.  It recognized "that other judges have given downward variances" in child pornography cases and was "mindful" of imposing a sentence that did not "deviat[e] from . . . the norm."  Doc. 58 at 72. The district court also acknowledged aggravating factors, including the serious nature of the crime and the need to promote respect for the law and deter future criminal conduct.

After weighing the factors, the court imposed a below-guideline sentence of 96 months' imprisonment with five years of supervised release.  This is Klausmeyer's appeal.

## II.    DISCUSSION

On appeal, Klausmeyer challenges the procedural and substantive reasonableness of his sentence.  We review the reasonableness of a sentence under a deferential abuse of discretion standard.[3]  *Gall v. United States*, 552 U.S. 38, 41

---

[3] The government argues that we should review Klausmeyer's procedural reasonableness arguments only for plain error, as he failed to preserve them at sentencing.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) ("[B]ecause [the defendant] did not object to the procedural reasonableness at the time of his sentencing, we review for plain error.").  We need not resolve the question of the standard of review, however, because we would affirm the district court's sentencing decision even under the more favorable abuse-of-discretion standard Klausmeyer suggests we should apply.

(2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted). The party challenging the sentence bears the burden of showing it is unreasonable. *United States v. Tome*, 611 F.3d. 1371, 1378 (11th Cir. 2010).

Klausmeyer argues that his sentence is procedurally unreasonable because the district court did not adequately consider his mental status and two cases where defendants convicted of child pornography related offenses received well below-guideline sentences. A district court commits a significant procedural error if it fails "to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. The district court is generally "not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors," *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) (internal quotation marks omitted), but it must give an explanation sufficient to allow for "meaningful appellate review," *Gall*, 552 U.S. at 50.

Here, the district court adequately explained why it imposed a 96-month sentence. The court considered the factors Klausmeyer raises—it acknowledged

Klausmeyer's "mental situation as expressed by [his psychotherapist]" and noted that it was mindful "that other judges have given downward variances" in child pornography cases. Doc. 58 at 72. The court also weighed other mitigating factors, including Klausmeyer's cooperation with law enforcement; his lack of criminal history; his asserted low risk of recidivism, which the court gave little weight; and his family and community support. The district court explained that it balanced these mitigating factors against aggravating factors, including the nature of the offense and the need to promote respect for the law and deter similar conduct. Because the district court's explanation was sufficient to allow for meaningful appellate review, there was no procedural error.

Having determined that the district court's sentencing decision is procedurally sound, we next assess the substantive reasonableness of Klausmeyer's sentence. When reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances, including "whether the statutory factors in § 3553(a) support the sentence in question."[4] *United States v. Gonzalez*, 550 F.3d

---

[4] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

1319, 1324 (11th Cir. 2008).  We will not "second guess the weight (or lack thereof) that [a district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of *all* the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (internal quotation marks omitted).  We may vacate a sentence only if we firmly believe that the district court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Irey*, 612 F.3d at 1190 (internal quotation marks omitted).  "Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the Guidelines range to be reasonable."  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (alteration adopted) (internal quotation marks omitted).  A sentence well below the statutory maximum penalty is another indicator of reasonableness.  *See Gonzalez*, 550 F.3d at 1324 (holding that the sentence was reasonable in part because it was well below the statutory maximum).

Klausmeyer argues that the district court ignored his "exceptional circumstances" when making its sentencing determination, including his education, work history, and mental status.  Appellant's Br. at 33.  Contrary to Klausmeyer's assertion, as discussed above, the district court explicitly balanced various mitigating and aggravating § 3553(a) factors, including his mental status and his

8

standing in the community, before reaching its sentencing decision.  And Klausmeyer's sentence was well below the guidelines range and the 240-month statutory maximum, *see* 18 U.S.C. § 2252(b)(1), which supports a finding of reasonableness, *see Gonzalez*, 550 F.3d at 1324.

We cannot conclude from this record that the district court abused its discretion in imposing a 96-month sentence, as the sentence was within the range of reasonable sentences in light of Klausmeyer's personal circumstances and the serious nature of his offense.

## III.    CONCLUSION

For these reasons, we affirm Klausmeyer's sentence.

**AFFIRMED.**