*United States v. DiNapoli*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty-one.

PRESENT:
>JOHN M. WALKER, JR.,
>ROBERT D. SACK,
>RICHARD J. SULLIVAN,
>>*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

>*Appellee,*

>v.                                          No. 20-48

JOSEPH DINAPOLI,

>*Defendant-Appellant.*

------------------------------------------------------------------

**For Appellant:** ROGER BENNET ADLER, Roger Bennet Adler, P.C., New York, NY.

**For Appellee:** HAGAN SCOTTEN (Karl Metzner, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of conviction in the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Joseph DiNapoli appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Seibel, *J.*) following his guilty plea to one count of conspiracy to participate in the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d). In the plea agreement, the parties stipulated to a U.S. Sentencing Guidelines range of 37 to 46 months' imprisonment and a fine of $15,000 to $150,000. The U.S. Probation Office later determined, however, that DiNapoli's prior convictions were not correctly calculated in the agreement. As detailed in the Presentence Investigation Report, proper inclusion of these

convictions significantly increased the applicable Guidelines range to 70 to 87 months' imprisonment, although the fine range remained unchanged. The district court sentenced DiNapoli to 52 months' imprisonment and imposed a fine of $250,000. On appeal, DiNapoli argues that both his sentence of imprisonment and his fine were procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

**1.     DiNapoli's Sentence of Imprisonment**

We review a district court's sentencing decision for procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (internal quotation marks omitted). A sentencing court commits procedural error if, among other things, it "treats the Guidelines as mandatory, . . . does not consider the [18 U.S.C.] § 3553(a) factors, or . . . fails adequately to explain its chosen sentence." *Id.* at 190. A sentence is substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189 (internal quotation marks omitted).

DiNapoli asserts that the district court committed procedural error because

it failed to consider two Guidelines provisions: U.S.S.G. § 5H1.4, which permits a sentencing judge to grant a departure based on the defendant's physical condition, and § 5F1.2, which permits the court to impose home detention "as a substitute for imprisonment." But there is nothing in the record to suggest that the district court was unaware of its authority to exercise such discretion, much less that it was oblivious to facts that might warrant such an application. To the contrary, the district court expressly acknowledged DiNapoli's requests for home confinement or a further reduced sentence based on his physical condition. The district court simply declined DiNapoli's invitation to impose a non-custodial sentence and concluded that 52 months' imprisonment was appropriate under the circumstances. The court's imposition of a substantially below-Guidelines sentence after careful consideration of the § 3553(a) factors was procedurally reasonable, and we see no error in the district court's exercise of discretion.

We also reject DiNapoli's contention that his sentence was substantively unreasonable because the district court failed to pay adequate attention to his age and health. The record shows that, at sentencing, the district court gave proper weight to DiNapoli's advanced age and serious health conditions, as well as the level of care he would receive while in prison. After balancing those

4

considerations alongside other factors, such as the need for the sentence imposed to provide just punishment and reflect the seriousness of DiNapoli's offense, the district court settled on a below-Guidelines sentence of 52 months' imprisonment. That sentence is well within the "range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). And while DiNapoli now argues that the COVID-19 pandemic and the compassionate release provisions in the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5239–41 (2018), warrant increased attention to his age and health conditions, the coronavirus pandemic did not arise until after sentencing, and the First Step Act is of no relevance when reviewing the reasonableness of a sentence. Accordingly, DiNapoli's challenge to the substantive reasonableness of his sentence fails.

To the extent that DiNapoli suggests that his sentence violates his Fifth and Eighth Amendment rights, these arguments also fail. DiNapoli's sentence does not implicate the Fifth Amendment's Double Jeopardy Clause because DiNapoli's previous state convictions do not punish the same conduct as his present federal conviction, as noted by the district court during sentencing.[1] As for DiNapoli's

---

[1] We note that even if DiNapoli's conviction in this case were for the same conduct as his prior state court convictions, this would not violate the Fifth Amendment's Double Jeopardy clause. *See Gamble v. U.S.*, 139 S. Ct. 1960, 1964 (2019) ("[A] State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute. Or the reverse may happen . . . .").

5

Eighth Amendment argument, we have held that "[l]engthy prison sentences, even those that exceed any conceivable life expectancy of a convicted defendant, do not violate the Eighth Amendment's prohibition against cruel and unusual punishment when based on a proper application of the Sentencing Guidelines or statutorily mandated consecutive terms." *United States v. Yousef*, 327 F.3d 56, 163 (2d Cir. 2003). DiNapoli has identified no reason why his sentence, which is well below the Guidelines range and the statutory maximum, violated the Eighth Amendment.

**2. DiNapoli's Fine**

Finally, DiNapoli appeals the district court's imposition of a $250,000 fine. When considering whether a fine was reasonable, the sentencing court must, in addition to considering the § 3553(a) factors, consult other factors listed in § 3572(a), including the defendant's "income, earning capacity, and financial resources," as well as "the need to deprive the defendant of illegally obtained gains from the offense." 18 U.S.C. § 3572(a); *see also United States v. Corace*, 146 F.3d 51, 55–56 (2d Cir. 1998). Procedural reasonableness also requires the district court to provide notice to the parties if it is contemplating "depart[ing] from the applicable sentencing range" on a ground not mentioned in the Presentence

Investigation Report or the parties' sentencing submissions. Fed. R. Crim. P. 32(h); *see also Cavera*, 550 F.3d at 194.

DiNapoli argues that the district court's imposition of a higher-than-Guidelines-range fine without notice was procedurally unreasonable. But the notice requirement applies only to *departures* from the Guidelines range and does not apply to "sentences at variance with the Guidelines' recommended range." *Cavera*, 550 F.3d at 194; *see also United States v. Stewart*, 590 F.3d 93, 137 n.32 (2d Cir. 2009) (explaining that a departure "refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines" while "a variance is a modification of the applicable Guidelines sentence 'that a District Court may find justified under the sentencing factors set forth in 18 U.S.C. [§ 3553(a)]'" (alteration in original) (quoting *Irizarry v. United States*, 553 U.S. 708, 714–15 (2008))). While it is true that the district court used the term "departure" rather than "variance" when explaining its imposition of an above-Guidelines fine, it is clear from the record that the deviation from the Guidelines range was in fact a variance based the § 3553(a) factors and not a departure based on § 5 of the Guidelines. The district court's lack of precision in this regard provides no basis for a finding of procedural unreasonableness. *See United States v. Keller*, 539 F.3d 97, 100 (2d Cir.

7

2008) (noting that the use of the term "departure" is not outcome-determinative and stating that "[w]e see no error whatsoever in the District Court's use of the framework and terminology of the Guidelines in the course of exercising its variance discretion"). Moreover, even assuming that DiNapoli was entitled to reasonable notice of the court's contemplation of an above-Guidelines fine, the record is clear that the government had already indicated in its sentencing submission that it intended to seek a fine above $150,000, thereby satisfying Rule 32's basic notice requirements.

We also reject DiNapoli's contention that the district court failed to properly consider his ability to pay the fine. In fact, before imposing the $250,000 fine, the district court clearly noted both DiNapoli's financial circumstances and the nexus between his assets and his criminal conduct. Indeed, DiNapoli himself concedes that his "ability to pay" the fine was not "the issue." Reply Br. at 8. And while DiNapoli argues—for the first time in his reply brief—that the district court fined DiNapoli "not for the crime of conviction . . . but rather to punish him for the life which she believed he had led" in the past, *id.* at 9, this argument is belied by the record. Specifically, the district court noted that DiNapoli had amassed nearly $3 million in assets as the "consigliere" of the Lucchese Crime Family, that the

conduct at issue in this case was different from his prior state court convictions, and that an increased fine was necessary to offset the below-Guidelines term of incarceration that might otherwise be considered "way too low for somebody who is the number three guy in a murderous organization." Suppl. App'x at 36.

We have considered DiNapoli's remaining arguments and conclude that they are meritless. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court