24-404-cr
*United States v. Murphy*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty-five.

Present:
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                    24-404-cr

SHERROD MURPHY,

> *Defendant-Appellant.*\*

---

FOR APPELLEE:                          Justin Horton and Danielle R. Sassoon, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:        Nicholas Pinto, New York, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On October 10, 2023, Defendant-Appellant Sherrod Murphy pleaded guilty to one count of unlawfully possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). The government charged Murphy after finding a handgun in his motel room while arresting him for suspected mail theft. Murphy's plea agreement stipulated to his mail-theft offenses, parole violation, and a Sentencing Guidelines offense level of 17. App'x at 15-19. On February 6, 2024, the district court calculated a Sentencing Guidelines range of 51 to 63 months' imprisonment. The district court then imposed an above-Guidelines sentence of 72 months' imprisonment "as a matter of general deterrence and appropriate punishment" in light of Murphy's "serious, longstanding, [and] violent" criminal history and "significant" mail-theft conduct. App'x at 57. Murphy appeals, arguing that his sentence is both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I.      Procedural Reasonableness

"A district court commits procedural error where it fails to calculate the Guidelines range[,] . . . makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, . . . rests its sentence on a clearly erroneous finding of fact[,]" or "fails adequately to explain its chosen sentence" with "an explanation for any deviation from the Guidelines range." *United States v. Cavera*, 550 F.3d

180, 190 (2d Cir. 2008) (en banc). We apply a "rigorous plain error" standard of review when a defendant did not raise his claim of procedural error before the district court. *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). To show plain error, a defendant must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (cleaned up).

Murphy argues that the district court's sentence is procedurally unreasonable because it (1) did not adequately explain its upward variance and (2) failed to consider his mitigating circumstances under 18 U.S.C. § 3553(a). Murphy did not make these arguments in the district court, so we review for plain error and find none.

First, Murphy contends that the district court erred in varying upward based on his criminal history and serious conduct because "these factors were already taken into consideration in the guidelines." But the district court may "impose[] a non-Guidelines sentence based upon section 3553(a) factors already accounted for in the Guidelines range" as long as it adequately explains its reasons for imposing that sentence. *United States v. Sindima*, 488 F.3d 81, 87 (2d Cir. 2007); *see also United States v. Ryan*, No. 21-1951, 2022 WL 16842930, at *3 (2d Cir. Nov. 10, 2022) (summary order) ("[T]he district court adequately explained why [the defendant's] reckless conduct was different from an ordinary case covered by the Guidelines enhancement and did not procedurally err in relying on that same conduct in imposing a sentence above the Guidelines range.").

3

The district court offered such an explanation here. It stated that Murphy deserved an upward variance because of his "serious, longstanding, [and] violent" criminal history. App'x at 57. As a matter of specific deterrence, it imposed a more significant sentence "to send a message" to Murphy that he "must choose a different path and give up crime, give up weapons, [and] no longer engage in thievery," because prior prison terms had failed to dissuade him from offending. *Id.* The district court explained that its sentence was warranted for purposes of "general deterrence" as well. *Id.* Such "deterrence-based rationale[s] easily suffice[] to justify" an above-Guidelines sentence. *Cavera*, 550 F.3d at 197. The district court also explained that the "scale of [Murphy's] mail theft scheme" warranted a "significant sentence" as a matter of "appropriate punishment." App'x at 57. The district court thus "provided an adequate explanation of its rationale for the upward variance" based on its context-specific view of the severity of Murphy's criminal history and conduct. *United States v. Sealed Defendant One*, 49 F.4th 690, 697 (2d Cir. 2022).

Second, Murphy argues that the district court's Section 3553(a) analysis was procedurally unreasonable because it "failed to adequately consider [his] upbringing and particularly harsh treatment in jail." We disagree. "[W]e never have required a District Court to make specific responses to points argued by counsel in connection with sentencing." *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010). The district court "must satisfy us only that it has considered the party's arguments and has articulated a reasonable basis for exercising its decision-making authority." *Id.* "We presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors and we do not require robotic incantations that the district court has

4

considered each of the § 3553(a) factors." *United States v. Zhong*, 26 F.4th 536, 564 (2d Cir. 2022) (cleaned up).

Nothing in the record displaces that presumption here. To the contrary, the sentencing transcript shows that the district court "considered the parties' arguments" and had a "reasoned basis for exercising [its] own legal decisionmaking authority." *Cavera*, 550 F.3d at 193 (quotation marks omitted); *see* App'x at 57 ("I feel that a significant sentence like the one I'm about to impose is important for all the reasons identified in Section 3553(a), to send a message to you that you must choose a different path and give up crime, give up weapons, no longer engage in thievery.").

## II. Substantive Reasonableness

"Our review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (cleaned up). "We will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions" under the Section 3553(a) factors. *Cavera*, 550 F.3d at 189 (quotation marks omitted).

Murphy argues that the district court's sentence "cannot be found within the realm of reasonable sentences," and that "just punishment, specific and general deterrence, and the need to protect the public from further crimes . . . cannot bear the substantial weight" the district court placed on them in imposing its upward variance. We disagree.

5

First, the district court did not abuse its discretion in weighing the Section 3553(a) factors. "The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of circumstances in the case." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (cleaned up). The record shows that the district court reached its sentence after consideration of "the scale of [Murphy's] mail theft scheme," his "serious, longstanding, [and] violent" criminal history, and the need for significant deterrence. App'x at 57. The district court thus "dutifully exercised [its] discretion in formulating a reasonable sentence" under the Section 3553(a) factors and, discerning no legal infirmity, "we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006).

Second, the sentence imposed here is not "shockingly high." Murphy argues that his sentence exceeds averages for defendants with similar offense levels and criminal-history categories. But his statistics offer no details about the Section 3553(a) considerations underlying those other sentences. "Averages of sentences that provide no details underlying the sentences are unreliable to determine unwarranted disparity because they do not reflect the enhancements or adjustments for the aggravating or mitigating factors that distinguish individual cases." *United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009) (cleaned up). Even if we were to recognize a statistical disparity here, the district court's nine-month variance from the applicable Guidelines range is not so high as to overcome "the deference we owe to district judges," *Cavera*, 550 F.3d at 197, in light of Murphy's offense conduct and criminal history.

6

\* \* \*

We have considered the remainder of Murphy's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court