24-1464-cr
*United States v. Brack*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GERARD E. LYNCH,
> STEVEN J. MENASHI,
> *Circuit Judges*,

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                    24-1464

ELGIN BRACK,

> *Defendant-Appellant*.*

---

| For Appellee: | JONATHAN SIEGEL (David C. James, *on the brief*), Assistant United States Attorneys, *for* John J. Durham, United States Attorney, Eastern District of New York, Brooklyn, NY. |
|---|---|
| For Defendant-Appellant: | JOHN S. WALLENSTEIN, Law Office of John S. Wallenstein, Garden City, NY. |

---

* The Clerk of the Court is respectfully directed to amend the caption.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Elgin Brack appeals a final judgment entered by the United States District Court for the Eastern District of New York (Vitaliano, *J.*) on May 17, 2024, resentencing him, following remand from this court in *United States v. Brack*, No. 21-3077-CR, 2023 WL 3513572 (2d Cir. May 18, 2023), to 516 months' imprisonment for Hobbs Act robbery conspiracy, attempted Hobbs Act robbery, and three counts of Hobbs Act robbery, 18 U.S.C. § 1951(a), as well as three counts of possessing and brandishing a firearm during a crime of violence, 18 U.S.C. §§ 924(c)(1)(A)(i), (ii). On appeal, Brack claims his sentence was substantively unreasonable.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision.

Brack contends that his sentence was substantively unreasonable primarily because the district court gave undue weight to the nature and circumstances of his offense, as opposed to other factors such as his troubled childhood, age, and potential for rehabilitation. Section 3553(a) of Title 18 requires a district court to consider certain factors in determining a sentence. Those factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

---

[1] In his brief on appeal, Brack asserted what could have been construed as a procedural reasonableness claim. At oral argument, however, his counsel clarified that his challenge is ultimately a challenge to the substantive reasonableness of the sentence, as opposed to the procedures employed in imposing it.

offense; . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §§ 3553(a)(1), (2).

Here, the district court explicitly affirmed that it had considered these statutory factors. It explained at length—orally and by incorporating its reasoning from Brack's prior sentencing—how it weighed the seriousness of Brack's offense, the continued danger he posed to society, his lengthy criminal record, his difficult childhood, and the conditions at the facility in which he was confined. Specifically, the district court emphasized the egregious nature of Brack's offense: Brack shot a victim in the head and hand while attempting to rob a store, left him bleeding out on the street, and proceeded to rob three other stores. And although the district court agreed that it needed to consider whether Brack could be rehabilitated if given the chance, it explained why it did not find rehabilitation likely, as Brack continued to exhibit "no empathy" towards his victims, App'x 66, and no signs of rehabilitation since his first sentencing. The district court further noted that, since Brack's first sentencing, he had continued his violent behavior, committing at least four assaults in prison.

We review Brack's substantive reasonableness claim under an abuse-of-discretion standard. *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009). And where, as here, the district court explicitly considered the § 3553(a) factors, we will not second-guess the weight it assigns these factors "as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006). We will set aside a sentence only in "exceptional cases," *United States v. Cavera*, 550 F.3d

3

180, 189(2d Cir. 2008) (en banc), where the sentence is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Rigas*, 583 F.3d at 123.

We conclude that this is not one of the rare cases in which the sentence was substantively unreasonable. In light of the factors articulated by the district court—including how Brack's criminal history score underestimated the nature of his criminal conduct and the threat he posed, Brack's lack of rehabilitation, and the deliberate depravity of Brack's crimes—Brack's sentence was "within the range of permissible decisions." *Cavera*, 550 F.3d at 191.

\*     \*     \*

We have considered Brack's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4